**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL VASILIK<br>998 South Krocks Rd. #10<br>Allentown, PA 18106<br><br>          Plaintiff,<br><br>    v.<br><br>RITZCRAFT CORPORATION OF<br>PENNSYLVANIA, INC.<br>d/b/a RITZ-CRAFT CORP.<br>15 Industrial Park Dr.<br>P.O. Box 70<br>Mifflinburg, PA 17844<br><br>          Defendant. | CIVIL ACTION<br><br>No.:_____<br><br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Michael Vasilik, by and through his undersigned counsel, hereby avers as follows:

## I.    **INTRODUCTION**

1.    Plaintiff has initiated this action to redress violations by RitzCraft Corporation of Pennsylvania, Inc. d/b/a Ritz-Craft Corp., of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*) and the Pennsylvania Human Relations Commission ("PHRA").[1] Plaintiff was unlawfully terminated by Defendant, and he suffered damages more fully described/sought herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADEA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADEA.

## II.   JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Middle District of Pennsylvania.

5.      Plaintiff is proceeding herein under the ADEA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## III.   PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

2

8.     Defendant is headquartered at the above-captioned address and engages in the business of buying and selling modular homes, manufactured housing, multi-family housing, retirement homes, community developments and other modular building systems.

9.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV.     FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was hired by Defendant on or about July 25, 2019.

12.     At all times during his employment with Defendant, Plaintiff was employed as Defendant's Northeast Divisional Sales Manager.

13.     While employed with Defendant, Plaintiff reported to Paul John (*hereinafter* "Mr. John" – part owner of Defendant).

14.     Mr. John had interviewed Plaintiff prior to his hire; however, at no point in time was Plaintiff ever asked what his age was by Mr. John or anyone else.

15.     Throughout his employment with Defendant, Plaintiff was a dedicated and hard-working employee, who perform his job well and was not subject to any written discipline.

16.     During the first approximate week of his employment with Defendant, Plaintiff did not experience any significant issues; however, approximately one week after Plaintiff began working for Defendant, Mr. John asked Plaintiff to report to his office.

17.     While in Mr. John's office, Mr. John specifically asked Plaintiff how old he was and stated that he thought during the interview process that Plaintiff was in his 40s. Plaintiff

3

responded by telling Mr. John that he was in his early 60s (nearly 20 years older than Mr. John had believed him to be during the interview process).

18.    Plaintiff's meeting with Mr. John (discussed in Paragraph 17 of this Complaint) was the first time that Plaintiff ever conveyed his age (or approximate age) to Mr. John or anyone else in management.

19.    When Plaintiff apprised Mr. John of his real age, Mr. John appeared visibly shocked and the meeting ended quickly thereafter.

20.    After being apprised of Plaintiff's age, Mr. John's attitude towards Plaintiff completely changed. For example, over the course of the next week:

      i.  Mr. John would ignore and/or avoid Plaintiff;

     ii.  When Plaintiff was actually able to speak to Mr. John, Mr. John was very abrupt with him and treated him in a rude and demeaning manner; and

    iii.  Plaintiff was excluded from business meetings that he should have and needed to attend as Defendant's Northeast Divisional Sales Manager.

21.    After being subjected to discriminatory and disparate harassment for approximately one week (following the disclosure of his true age to Mr. John), Plaintiff was asked to report to a meeting with Mr. John on August 8, 2019.

22.    During his meeting with Mr. John on August 8, 2019 (discussed *supra*), Plaintiff was informed by Mr. John that he was being terminated from his employment with Defendant.

23.    Mr. John provided two reasons for Plaintiff's abrupt termination: (1) Plaintiff sent him too many e-mails; and (2) Plaintiff did not fit in with the "culture" of the company.

24.    Both reasons for Plaintiff's termination from his employment with Defendant are completely pretextual and were created solely to hide Defendant's discriminatory motive.

4

**Count I**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**(Age Discrimination)**

25.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26.     Plaintiff believes and avers herein that Defendant terminated his employment because of his advanced age.

27.     These actions as aforesaid constitute unlawful retaliation under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation where allowed by applicable law); and

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: October 18, 2019

6